In re Robert W. METZGAR,
Individually and d/b/a King
Machine, Debtor.

IRR Supply Centers, Inc., Plaintiff,

v.

Robert W. Metzgar, Individually and
d/b/a King Machine, Defendant.

Bankruptcy No. 98–11643 B,
Adversary No. 98–1180 B.

United States Bankruptcy Court,
W.D. New York.

Dec. 10, 1999.

Aaron, Dautch, Sternberg & Lawson, LLP, Melissa A. Tocha, of counsel, Buffalo, NY, for plaintiff.

Schaack, Whipple, Clark, Nelson, Polowy, PC, Richard F. Whipple Jr., of counsel, Fredonia, NY, for defendant.

CARL L. BUCKI, Bankruptcy Judge.

Many are the construction projects in which the general contractor fails to pay a supplier of materials, even after the general contractor has received full payment from the owner of the property. To facilitate payment and for the benefit of such suppliers, the New York Lien Law imposes a trust upon "funds received by a contractor under or in connection with a contract for an improvement of real property." New York Lien Law § 70 sub. 1 (McKinney 1993). At issue in the present adversary proceeding is whether a particular project involved such an improvement of real property, so as to implicate those provisions of the Lien Law that would create a trust.

The present controversy relates to a construction contract between Cliffstar Corporation and Robert Metzger, the debtor herein. Cliffstar had hired Metzger to install part of a cooling system for five large outdoor tanks in which Cliffstar planned to store fruit juices. From photographs admitted into evidence, each tank appears to be at least three stories in height and easily as large as a house. Metzger's installation included pumps which would draw coolant from a tank inside an adjacent building and circulate that coolant through pipes that surround the juice tanks. A sheet metal shed covered the pumps, which rested on a concrete slab. Although not attached to the concrete, the pumps were connected to the pipes with bolts through a flange. One witness testified that two workers could disconnect the pumps after four hours of labor, but special machinery would be required to lift and remove the pumps.

Upon completion of the cooling system, Cliffstar paid to Metzger the balance of a contracted price of $155,095. Committing at least some of these proceeds to other purposes, Metzger neglected to satisfy the claims of his subcontractors. Among these unpaid subcontractors was the plaintiff, Irr Supply Centers, Inc., which had provided the pumps that Metzger used in the project. When Metzger then filed a petition for relief under Chapter 11 of the Bankruptcy Code, Irr commenced the present adversary proceeding to determine the dischargeability of its claim.

■ An individual debtor in Chapter 7, 11 or 12 may not discharge a debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). In its complaint, Irr contends that the debtor used the proceeds from Cliffstar for purposes other than to pay his subcontractors, that this application of proceeds violated the trust fund provisions of the lien law, and that this violation of trust constituted fraud or defalcation by a fiduciary. Metzger presents no challenge to the theory of plaintiff's claim, but counters that the project did not involve an improvement to real property, and accordingly did not implicate those provisions of the Lien Law that would create a trust.

■ A fixture is an item of personal property that has become so attached to land or a building as to be regarded as an irremovable part of the real property. BLACK'S LAW DICTIONARY 652 (7th ed.1999). The essence of the present dispute is whether the pumps remain mere personalty, or are in the nature of a fixture whose

addition represents an improvement to the real property. In New York, a chattel is deemed to have become a fixture when it satisfies each of three conditions: first, the item must be actually annexed to the real property or something appurtenant thereto; second, it must have application to some use or purpose to which the related real estate is appropriated; and third, the party making the annexation must intend a permanent accession to the freehold. 59 N.Y.Jur.2d, *Fixtures* § 2; *Ward v. Kilpatrick*, 85 N.Y. 413 (1881); *Potter v. Cromwell*, 40 N.Y. 287 (1869). All three criteria are important, and the importance and controlling effect of any one point will vary with the circumstances of the case.

Due to their massive size, the juice tanks had become as much an appurtenance to Cliffstar's real property as would a house or building. *See Snedeker v. Warring*, 12 N.Y. 170 (1854). Connected by piping to the tanks, the pumps became annexed to that appurtenance. Further, in their function as part of the refrigeration unit, the pumps had specific application to the intended use of the tanks for juice storage. Thus, the pumps fulfill the first two conditions for status as a fixture. During argument before this court, the more disputed consideration was whether Cliffstar intended for them to become a permanent accession to the freehold.

■ Although the debtor is correct in noting the absence of testimony from representatives of Cliffstar relative to the company's intentions, intent may be inferred from the facts and circumstances of this particular case. The pumps were an integral part of the juice storage system. Without the pumps, the system would lack refrigeration, and without refrigeration, the system could not fulfill its intended function. By reason of their very size and character, the juice tanks are to be deemed a permanent accession. By reason of their essential function with respect to the operation of those tanks, the pumps are similarly to be treated as a permanent improvement. Their necessity dictates an inference of intent to effect a permanent accession, and rebuts whatever contrary inference might be drawn from the ease with which the pumps might be removed. New York has long repudiated the prior rule that a chattel becomes a fixture only if its removal would effect injury to the freehold. *Voorhees v. McGinnis,* 48 N.Y. 278 (1872). While ease of disassembly may serve as the basis for a contrary inference in some instances, this court finds that the totality of present circumstances indicates an intent that the pumps become a permanent accession.

Of particular relevance to the issue of intent is the decision in *Marine Midland Trust Co. v. Ahern,* 16 N.Y.S.2d 656 (1939). In that foreclosure proceeding, Marine Midland alleged that its lien extended to refrigeration equipment that the mortgagor had installed subsequent to his grant of a mortgage. This installation occurred when the owner remodeled part of his building to create a room for the cold storage of beer. The refrigeration unit itself rested on the concrete floor of an adjacent garage, and could easily be removed by disconnecting various pipes and wires. Nonetheless, the court determined that the owner intended the refrigeration unit to be part of the real estate, and therefore part of the bank's collateral. Among the factors that the court considered in reaching this decision were that the owner had installed the equipment, that an owner is more likely to intend permanency, that the equipment was adapted and essential to the building's use, and that the nature of the equipment and the manner of attachment suggested permanency. Similarly, in the present instance, Cliffstar as owner had arranged for installation of the pumps; the pumps and piping were attached to tanks that were themselves fixtures attached to the real estate; the pumps were part of a cooling system whose integration with the juice tanks suggested a permanent linkage; requiring the debtor to spend five months and 1500 person hours of work, the instal-

lation process for just the piping system was indicative of a long term improvement.

The very structure of the tanks points to their intended purpose of refrigerated storage, and the piping system is integral to that purpose. The pumps became an essential part of that system, because the system could not achieve its function as a refrigerator without the circulation of coolant. Based on all of the facts and circumstances of this case, the court finds sufficient evidence to indicate Cliffstar's intent that the pumps become fixtures. Satisfying all three of the criteria for status as a fixture under New York law, the pumps are to be treated as an improvement to real property. Irr Supply Company, Inc., is, therefore, entitled to the protection of the trust fund provisions of article 3–A of the New York Lien Law. The debtor having misapplied proceeds in violation of that trust, Irr's claim is nondischargeable under 11 U.S.C. § 523(a)(4). Judgement to this effect is to be granted to the plaintiff.

So ordered.